# Exhibit A

Case 1:18-cv-02763-BMC   Document 3-1   Filed 05/09/18   Page 2 of 13 PageID #: 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------x

TIMOTHY HOWARD, on behalf of himself
and all others similarly situated,

                    Plaintiff,

                  -against-

HOME DEPOT U.S.A., INC. d/b/a
HOME DEPOT,

                  Defendant.

------------------------------------------------------------------------x

Index No.:_____

Date Summons Filed: _____

**SUMMONS**

Plaintiffs designates Kings County
as the place of trial

*To the Above-Named Defendants:*

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Plaintiff designates Kings County as the place of trial.  The basis of venue designated is the residence of Plaintiff.

Dated: Jericho, New York
       April 4, 2018

                               /s/ MARK GAYLORD_____
                               Mark Gaylord, Esq.
                               Bouklas Gaylord LLP
                               *Attorneys for Plaintiffs*
                               400 Jericho Turnpike Suite 226
                               Jericho, NY 11753
                               Phone: (516) 742-4949
                               Fax:    (516) 742-1977

Case 1:18-cv-02763-BMC   Document 3-1   Filed 05/09/18   Page 3 of 13 PageID #: 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
TIMOTHY HOWARD, on behalf of himself                            Index No.:
and all others similarly situated,

                       Plaintiffs,                       **COMPLAINT**

            -against-

HOME DEPOT U.S.A., INC. d/b/a
HOME DEPOT,

                      Defendant.
-------------------------------------------------------------------x

      Plaintiff TIMOTHY HOWARD ("Plaintiff"), on behalf of himself and all others similarly

situated, brings this action for damages and other legal and equitable relief against the Defendant

HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT ("Defendant"), upon personal knowledge as

to himself and upon information and belief as to others, for violations of the New York State

Labor Law ("NYLL"), the New York Code of Rules and Regulations ("NYCRR"), The New York

Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set

forth herein:

## PARTIES

    1.      Plaintiff is a citizen of New York State and resides in Brooklyn, New York.

    2.      Plaintiff was throughout his entire employment with Defendant, a covered, non-

exempt employee within the meaning of the NYLL. As such, Plaintiff was, and is, entitled to be

paid in full for all hours worked.

    3.      Upon information and belief, Defendant is a corporation organized pursuant to the

laws of the State of Delaware with its principal place of business located at 2455 Paces Ferry

Road, Atlanta, GA and have various places of business throughout the State of New York.

1

4.      Defendant has locations across the United States and across the State of New York, including the location at 5700 Avenue U, Brooklyn, NY 11234 ("Kings Plaza Location").

5.      Defendant employed Plaintiff as an associate, in Plaintiff's King's Plaza Location, and maintained control, oversight, and direction over Plaintiff in regard to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

6.      Defendant is considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

7.      Defendant, by virtue of its ownership, management, and control over the wages and work of Plaintiff, is considered an employer under the NYLL §190(3).

## **CLASS ALLEGATIONS**

8.      Plaintiff brings this action on behalf of himself and all other similarly situated non-exempt hourly paid employees who worked for Defendant in the State of New York at any time during the period commencing six years prior to the filing of this action and continuing until such further date as the practices complained of are discontinued (the "Class Period").

9.      This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules. Plaintiff brings this action on his own behalf and as a class consisting of:

> All current and former associates and employees who worked for Defendant in the State of New York during the Class Period who (a) were not compensated at the straight or minimum wage for all hours worked; (b) were not compensated at the statutory overtime rate of one-and-one-half their hourly rate of pay for hours worked in excess of 40 per week; (c) worked 10 or more hours in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between the start and end times exceed ten hours; or (d) were not provided an accurate statement with every payment of wages, listing gross wages, deductions, and net wages, (collectively the "Class").

2

Case 1:18-cv-02763-BMC    Document 3-1    Filed 05/09/18    Page 5 of 13 PageID #: 22

10.     Each of the enumerated and defined characteristics labeled as (a) and (d) sufficiently and independently describe a class, giving rise to potentially four classes of plaintiffs intended to be covered by this suit. Hereinafter, the classes will be referred to in the singular as "Class," and members of each class as "Class Plaintiffs," collectively.

11.     The Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to the Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief the size of the Class is believed to be well in excess of 100 individuals. In addition, the names of all potential members of the Class are not known.

12.     The number, names and addresses of all Class Plaintiffs are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Plaintiff, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records.

13.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

14.     There is no conflict between Plaintiff and any other member of the Class.

15.     The questions of law and fact common to the Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to, the following:

      a.    Whether Defendant failed to pay the minimum wage for all hours worked;

      b.    Whether Defendant failed to pay the agreed-upon wage for all hours worked;

      c.    Whether Defendant failed to pay overtime wages at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week;

3

FILED: KINGS COUNTY CLERK 04/04/2018 02:56 PM

Case 1:18-cv-02763-BMC   Document 3-1   Filed 05/09/18   Page 6 of 13 PageID #: 23

d. Whether Defendant failed to pay "Spread of Hours" pay equal to one hour at the applicable minimum wage;

e. Whether Defendant maintained time records of all hours worked;

f. Whether Defendant required employees to clock-in after they had begun work; and

g. Whether Defendant provided accurate wage statements.

16. The claims of Plaintiff are typical to the claims of the Class because they are all current or former associates or employees of Defendant who sustained damages, including underpayment of wages as a result of Defendant's common compensation policies and practices. The defenses that Defendant is likely to assert against the Plaintiff's claims are typical of the defenses that Defendant is likely to assert against the Class.

17. Plaintiff and his counsel will fairly and adequately protect the interests of the Class. The Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Plaintiff and the Class members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

19. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

## **FACTS**

4

20.     All of the alleged violations by Defendant of the NYLL and supporting New York State Department of Labor Regulations were knowing or intentional.

21.     Plaintiff was employed by Defendant as a lumber associate from approximately May 2, 2017 through July 26, 2017.

22.     Plaintiff's agreed upon wages for the period of his employment was $14.50 per hour.

23.     Plaintiff's duties were to perform labor in furtherance of Defendant's business.

24.     Plaintiff had no authority to hire employees, fire employees, suspend employees, discipline employees, and/or discretion or independent judgment regarding matters of significance.

25.     Plaintiff worked shifts scheduled from 1:00 p.m. to 10:00 p.m., Monday through Friday throughout the duration of his employment with Defendant. Plaintiff was provided a 1-hour unpaid meal break each shift. Accordingly, Plaintiff was scheduled to work 40 hours per week.

26.     In reality, Plaintiff worked between 45-50 hours each week.

27.     Plaintiff would clock in every shift using Defendant's timekeeping system.

28.     Plaintiff was required to, and did, routinely did perform work on behalf of Plaintiff prior to clocking in at the start of his shift.

29.     Frequently, Plaintiff would work later than 10:00 p.m., sometimes as late as 3:00 a.m. depending on the needs of Defendant.

30.     When Plaintiff worked past 10:00 p.m., Defendant required Plaintiff to clock-in an equal amount of time later on the subsequent day, despite Plaintiff actually beginning work at 1:00 p.m. Thus, Plaintiff's time sheets showed less work than was actually performed.

31.     Upon information and belief, Defendant did enforce this policy so as to avoid paying Plaintiff straight and overtime wages to which he was entitled.

5

32.     Thus, because of Defendant's improper compensation policies, Plaintiff was not paid for several hours per pay period, in direct violation of the NYLL.

33.     This procedure occurred throughout Plaintiff's employment with Defendant but was much more common in the last 4 years of his employment.

34.     Plaintiff did not receive spread of hours pay of one hour at the minimum wage for any day in which he worked a shift of 10 hours or more.

35.     While Plaintiff received wage statements accompanying his paychecks, these wage statements did not accurately reflect all hours worked by Plaintiff.

36.     Upon information and belief, Class Plaintiffs perform the same and/or similar work to that of Plaintiff.

37.     Like Plaintiff, the Class Plaintiffs routinely worked more than 40 hours per week but were not paid for every hour that they worked.

38.     Like Plaintiff, the Class Plaintiffs generally were not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

39.     Like Plaintiff, the Class Plaintiffs did not receive spread of hours pay of one hour at the minimum wage for any day in which they worked a shift of 10 hours or more.

40.     Like Plaintiff, the Class Plaintiffs did not receive accurate wage statements each pay period.

41.     A good faith basis for believing that the underpayment of wages for Plaintiff was in compliance with applicable wage laws does not exist.

42.     By Defendant's knowing and/or intentional failure to pay Plaintiff his full wages, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations.

6

43.     Defendant is aware or should have been aware that New York State law required

Defendant to pay Plaintiff wages for all time worked.

44.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Violation of the New York Labor Law**

45.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

46.     The wage provisions of the NYLL and its supporting regulations apply to

Defendants and protect Plaintiff and the Class.

47.     Pursuant to the NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193,

198, 650, and 652, and 12 NYCRR § 142.2.1, the Defendants have willfully failed to pay the

minimum wage as set forth in the preceding paragraphs of this Complaint to Plaintiff and the

Class.

48.     By Defendants' knowing and/or intentional failure to pay Plaintiff and the Class the

minimum wage, Defendants have knowingly violated the NYLL and other supporting New York

Department of Labor Regulations.

49.     Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to

recover from Defendants the difference between the amount they were actually paid, and the

amount that they should have been paid had Defendants paid them the minimum wage. In

addition, Plaintiff and the Class are entitled to recover liquidated damages equal to 100% of their

actual damages, attorneys' fees, costs, and pre-judgment and post-judgment interest

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF AND THE CLASS**
**For Nonpayment of Overtime in Violation of NYLL**

50.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

7

51.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations, and 12 NYCRR 142-3.2 apply to Defendants to protect Plaintiff and Class Plaintiffs.

52.     Defendants failed to pay Plaintiff and Class Plaintiffs overtime wages to which they are entitled under the NYLL and supporting regulations.

53.     By Defendants' knowing and/or intentional failure to pay Plaintiff and Class Plaintiffs overtime wages for hours worked in excess of 40 in a week, Defendants have willfully violated NYLL § 190 *et seq.* including, but not limited to §§190, 191, 193, 198 and 650 and the supporting regulations.

54.     Due to these violations, Plaintiff and Class Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages equal to 100% of the unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York "Spread of Hours Law,"
### 12 N.Y.C.R.R. §142-2.4

55.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

56.     Plaintiff and Class Plaintiffs were required by Defendants to work 10 or more hours in one day without being paid one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours.

57.     These practices were willful and lasted for the duration of the relevant time periods.

58.     This practice is in violation of the New York "Spread of Hours Law."

### AS AND FOR A FOURTH CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF AND THE CLASS
### For Violation of the New York Labor Law

59.     Plaintiff alleges and re-alleges all of the other paragraphs contained herein.

8

Case 1:18-cv-02763-BMC   Document 3-1   Filed 05/09/18   Page 11 of 13 PageID #: 28

60.     Defendants willfully failed to supply Plaintiff and Class Plaintiffs, as required by NYLL, Article 6 § 195(3) with an accurate statement with every payment of wages, listing gross wages, deductions, and net wages.

61.     Defendants through their knowing or intentional failure to provide Plaintiff and Class Plaintiffs with accurate wage statements willfully violated the NYLL.

62.     Due to Defendants' willful violation of the NYLL, Plaintiff and Class Plaintiffs are entitled to statutory penalties of $250 for each day that Defendants failed to provide Plaintiff and Class Plaintiffs with an accurate wage statement, to a maximum of $5,000 for each of Plaintiff and each Class Plaintiff

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all Class Plaintiffs, demands judgment against Defendant as follows:

1.     Certification as a class as described herein pursuant to CPLR Article 9 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the class;

2.     A jury trial on these issues to determine liability and damages;

3.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

4.     A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 215; the New York Labor Law §§ 650 et seq.; the New York Wage Theft Prevention Act; and any other applicable state or federal statute or regulation;

9

5.      All damages which Plaintiff and Class Plaintiffs have sustained as a result of

Defendants' conduct, including;

      a.   Base damages equal to 100% of wages owed;

      b.   Liquidated damages equal to 100% of wages owed;

      c.   An award of statutory penalties for each workday that Defendants failed to

          provide Plaintiff with an accurate wage statement, or a total of $5,000;

      d.   Exemplary, punitive, and statutory damages in an amount commensurate with

          Defendant's ability and so as to deter future malicious, reckless, and/or

          intentional where appropriate and permitted by law;

6.      Awarding Plaintiff and Class Plaintiffs their costs and disbursements incurred in

connection with this action including reasonable attorneys' fees, and other costs;

7.      Pre-judgment and post-judgment interest, as provided by law; and

8.      Granting such other and further relief as this Court deems necessary and proper.

Dated: Jericho, New York
      April 4, 2018

                                    /s/ MARK GAYLORD
                                    Mark Gaylord, Esq.
                                    Bouklas Gaylord LLP
                                    *Attorneys for Plaintiffs*
                                    400 Jericho Turnpike Suite 226
                                    Jericho, NY 11753
                                    Phone: (516) 742-4949
                                    Fax:    (516) 742-1977

10

Case 1:18-cv-02763-BMC    Document 3-1    Filed 05/09/18    Page 13 of 13 PageID #: 30

Attorney(s)

Index #          **506788/2018**

Purchased/Filed: April 4, 2018

State of New York

Court:          Supreme

County:       Kings

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Timothy Howard on behalf of himself and all others similarly situated

against

Home Depot U.S.A. Inc dba Home Depot

Defendant

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: 55 Yrs. |
|---|---|---|
| COUNTY OF ALBANY  ) SS | | |
| CITY OF ALBANY        ) | Weight: 120 Lbs. Height: 5' 0" Sex: Female Color of skin: White | |
| | Hair color: Brown Other: | |

Robert Guyette          , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on          April 10, 2018          , at   12:27 PM  , at the office of the

Secretary of State of the State of NY located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served
Summons & Complaint

on

### Home Depot U.S.A. Inc dba Home Depot

,

the Defendant in this action, by delivering to and leaving with          Sue Zouky

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of          $40          dollars; That said service

was made pursuant to Section   BUSINESS CORPORATION LAW §306.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

10th   day of          April 2018

FAITH COZZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2019

Robert Guyette

**Invoice·Work Order #** 1809692

Attorney File #   **Howard**